UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TAIWO K. ONAMUTI,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

No. 1:21-cv-01627-JRS-KMB

**Order Dismissing Petitioner's Rule 60(b) Motion for Lack of Jurisdiction**

The Court corrected Taiwo K. Onamuti's sentence under 28 U.S.C. § 2255, reducing his term of imprisonment by 2 years. Now before the Court is his motion to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure. This motion, dkt [55], is dismissed for lack of jurisdiction as an unauthorized successive habeas petition and, even if considered as a Rule 60(b) motion, the motion to reconsider would be denied as untimely.

**I. Background**

28 U.S.C. § 2255 provides a process through which persons in federal custody can collaterally attack their sentences. *Clark v. United States*, -- F.4th --, No. 21-2704, 2023 WL 4986498, at *3 (3d Cir. Aug. 4, 2023). The statute provides the remedy for an unlawful sentence, first, the court vacates and sets aside the judgment and then selects the "appropriate" remedy from among four options (1) "discharge the prisoner," (2) "resentence him," (3) "grant a new trial," or (4) "correct [his] sentence." *Clark*, 2023 WL 4986498, at *3 (citing § 2255(b) and holding that Court did not violate petitioner's constitutional rights by denying his request for a full resentencing, *Id.* at *5).

Onamuti's § 2255 motion sought an order vacating his guilty plea, conviction and sentence on the grounds that he is actually innocent of the Aggravated Identity Theft conviction in Count 21. Dkt. 48 at 1. After full consideration of Onamuti's § 2255 motion and the record, the Court determined that Onamuti was entitled to the issuance of an amended judgment dismissing Count 21 and reducing his total term of incarceration by 24 months. The Court then exercised its discretion to correct Onamuti's sentence without resentencing him and rejected Onamuti's request to withdraw his plea agreement. Dkts. 27, 48. *See also* dkt. 51 (Order denying certificate of appealability finding no substantial showing of the denial of a constitutional right).[1]

Final Judgment was entered on June 6, 2022. Dkt. 28. Mr. Onamuti then sought reconsideration under Rule 59 of the Federal Rules of Civil Procedure and appealed to the Seventh Circuit without success. *See* dkts. 34, 36, 51 (Case Number 22-2115). More than a year after final judgment was entered, Onamuti moved to reconsider pursuant to Rule 60(b). Dkt. 55 at 11. The United States did not respond. This motion is now ripe for consideration.

**II. Successive Habeas Petition**

Rule 60(b) of the Federal Rules of Civil Procedure allows "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Because this is a habeas case, however, the Court must first consider whether the 60(b) motion is subject to the additional restrictions that apply to "second or

---

[1] Had a sentencing hearing been held, Onamuti could have insisted on his physical presence at that hearing. *See United States v. Behea*, 888 F.3d 864 (7th Cir. 2018) (citing Rule 43 of the Federal Rules of Criminal Procedure and holding defendant and judge are obligated to be physically present for sentencing); *see also United States v. Coffin*, 23 F.4th 778, 779 (7th Cir. 2022) (explaining that the 2020 Coronavirus Aid, Relief, and Economic Security Act (CARES Act), § 15002(b)(2)(A), Pub. L. No. 116-136, 134 Stat. 281 (2020), authorizes a district court to conduct a felony sentencing hearing by videoconference when four conditions are met, including when the defendant consents "after consultation with counsel," § 15002(b)(4)).

successive" habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996. *Blitch v. United States*, 39 F.4th 827, 832 (7th Cir. 2022) (citing 28 U.S.C. § 2244(b)). A Rule 60(b) motion should be treated as a successive habeas petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits.'" *Blitch*, 39 F.4th at 831–32 (citing *Gonzalez, 545* U.S. at 532). If the Rule 60(b) motion instead challenges "some defect in the integrity of the federal habeas proceedings," and not a merits issue, it is not an impermissible successive motion. *Id. See Hare v. United States,* 688 F.3d 878, 880 n. 3 (7th Cir. 2012) (A court should "look at the substance of a motion rather than its title to determine whether it is a successive collateral attack" in order "to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways.").

Onamuti raises two challenges in his motion to reconsider. First, Onamuti challenges the Court's choice of remedy in this 28 U.S.C. § 2255 proceeding. Onamuti argues that the Court's decision to correct his sentence without holding a resentencing hearing violated his right to allocution, due process, and Rule 43 of the Federal Rules of Criminal Procedure. Dkt. 55 at 3-6. Next, Onamuti argues that his sentence was improperly enhanced for obstructing or impeding the administration of justice based on Section 3C1.1 of the United States Sentencing Guidelines.[2] These arguments "seek[] to add a new ground for relief" (by challenging the obstruction of justice enhancement) and "attack[] the federal court's previous resolution of a claim on the merits" (by contesting the remedy provided). *Blitch*, 39 F.4th at 831–32. Under these circumstances, the Rule 60(b) motion should be treated as a successive habeas petition. *Id.*

[2] Onmuti argues, the Court "did not take into account the obstruction enhancement was based on Onamuti questioning the now vacated Count 21, and refusing to plea guilty to Count 21." Dkt. 55 at 6. Onamuti further argues that the obstruction enhancement was misplaced because he lacked willful intent to commit an illegal act when he perjured himself. *Id*. at 8.

Any "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Absent certification to file a successive habeas petition, a district court must dismiss an unauthorized successive § 2255 petition for lack of subject matter jurisdiction. *Blitch*, 39 F.4th at 832.

Accordingly, Onamuti's motion, dkt [55], is **dismissed for lack of subject matter jurisdiction.**

### III. Timeliness

Even if some portion of Onamuti's Rule 60(b) motion could be understood to challenge a defect in the integrity of the federal habeas proceedings, thus circumventing the additional restrictions that apply to "second or successive" habeas corpus petitions under 28 U.S.C. § 2244(b), Onamuti's motion is untimely. While he cites to various provisions of Rule 60(b), it is Rule 60(b)(1) that applies. "Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect,' so long as the motion is filed 'within a reasonable time,' and, at most, one year after the entry of the order under review." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) (citing Fed. R. Civ. P. 60(b)(1), (c)(1)). "Mistake" includes all mistakes of law made by a judge. *Id.* at 1862. Onamuti argues that the Court erred in not providing a full resentencing hearing, but he already presented this claim to the Seventh Circuit without success[3] and any further challenge to the Court's remedy could have been raised on appeal and is now untimely. *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013) (explaining "a Rule 60(b)

[3] In his application for certificate of appealability Onamuti argued in part that the "district court err[ed] in failing to resentence appellant." Case 22-2115, dkt. 19 at 9.

motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time.").

For all of these reasons, the Rule 60(b) motion for relief from judgment, dkt [55], is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Date: September 1, 2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TAIWO K. ONAMUTI
69971-019
COLEMAN - MEDIUM FCI
COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1032
COLEMAN, FL 33521

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov